Kimbell D. Gourley/ISB No. 3578
JONES ♦GLEDHILL ♦FUHRMAN ♦GOURLEY, P.A.
The 9th & Idaho Center
225 N. 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email: kgourley@idalaw.com

Attorneys for Idaho Central Credit Union

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In the matter of: | ) | |
|---|---|---|
| | ) | Case No.: 17-41017-JDP |
| CODY CHARLES KROPP, | ) | |
| | ) | **Chapter 13** |
| Debtor. | ) | |
| | ) | |

### MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE

COMES NOW Idaho Central Credit Union ("ICCU"), by and through its counsel of record, Jones ♦Gledhill ♦Fuhrman ♦ Gourley, P.A. and, pursuant to the Federal Rules of Bankruptcy and Local Bankruptcy Rule 4001.2, respectfully moves the court to modify the 11 U.S.C. § 362 stay to permit ICCU to foreclose its security interest in relation to a 2017 Keystone RV Hideout Luxury Series, VIN # 4YDT27D21HN207780, and all tires, wheels, additions, substitutions, attachments, replacements and accessions thereof, plus the proceeds of all the foregoing (the "Collateral"):

In support of said motion, ICCU respectfully represents:

1. On or about February 25, 2017, Debtor, Cody C. Kropp ("Debtor") and Valerie

**MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE** - 1

Kropp, made, executed, and delivered to ICCU a certain Retail Installment Sale Contract Simple Finance Charge, a true and correct copy of which is attached as **Exhibit A** and incorporated herein by this reference (hereinafter the "Contract").  The Contract was made, executed, and delivered for and in consideration of, and for the purchase of, and to grant a security interest in, the Collateral.

2. In order to secure the obligations owed under the Contract, the Debtor and Valerie Kropp granted ICCU a security interest in the Collateral.

3. ICCU perfected its security interest upon the Collateral by causing the certificate of title for the Collateral to identify ICCU as the first lien holder.  A true and correct copy of Certificate of Title is attached hereto as **Exhibit B,** and, by this reference, incorporated herein as though set forth in full.

4. The Contract further provides that on the Debtor's and/or Valerie Kropp's failure or refusal to make any payments under said Contract, the whole amount would be due and immediately payable at the option of ICCU, or its assignee, and that ICCU, or its assignee, would be entitled to the immediate possession of the Collateral.

5. The Debtor and/or Valerie Kropp have failed to timely make the payments owed under the Contract account for the period of December 2017 to the present date.

6. The outstanding obligation owed under the Contract as of March 1, 2018, is the sum of $25,670.31.  Interest continues to accrue at the per diem interest rate of $5.34.

7. The fair market value for the Collateral is approximately $23,905 for average retail value and $19,875.00 for a low retail value pursuant to NADA pricing and information.

8. ICCU does not have, and has not been offered, adequate protection for its

**MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE** -  2

interest in the Collateral.  The Debtor's Chapter 13 Plan indicates the Collateral is to be surrendered.

9. The Debtor and/or Valerie Kropp have no equity in the Collateral.

10. If ICCU is not permitted to foreclose its security interest in the Collateral, it will suffer irreparable injury, loss, and damage.

WHEREFORE, ICCU asks the court to enter its order terminating, annulling, or otherwise modifying the automatic stay in force in this case as to said Collateral in favor of ICCU, and authorizing it to take such action as it deems necessary to enforce its rights in said Collateral according to law. In the alternative, in the event the court does not modify the automatic stay as prayed for herein, ICCU requests the court condition the continued possession and use of the Collateral by Debtor, upon provision to ICCU of adequate protection of its interest herein, and specifying that said adequate protection include periodic cash payments, additional security, or such relief as seems adequate to the Court, and proof of insurance and proper maintenance.

This motion is made and based upon the records and files in this action. ICCU respectfully requests the court waive the fourteen (14) day stay provided for pursuant to F.R.B.P. 4001(a)(3).

## RULE 4001.2 NOTICE

NOTICE IS HEREBY GIVEN THAT ICCU has filed a motion with this Court for an Order granting it relief from the automatic stay.

Please take notice that pursuant to Local Bankruptcy Rule 4001.2 of the Local Bankruptcy Rules, and subject to Fed. R. Bankr. P. 9006, any party in interest opposing the motion must file and serve an objection to the motion <u>not later than seventeen (17)</u>

**MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE** - 3

<u>days after the date of service of the motion</u>.  The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion.  **<u>Absent the filing of a timely objection, the court may grant the relief sought without a hearing.</u>**  In addition, as required by Local Bankruptcy Rule 4001.2(d)(3), if an objection is filed to this motion, the objection must be served upon the movant and upon all parties receiving service of the motion.  In accordance with Local Bankruptcy Rule 4001.2(e)(1), any party opposing a motion for stay relief must contact the court's calendar clerk to schedule a preliminary hearing.  At the time of filing the objection to a motion, the objecting party shall file and serve a notice of such hearing.

In addition, pursuant to Local Bankruptcy Rule 4001.2 and 11 U.S.C. § 362(e), thirty (30) days after a request under 11 U.S.C. §362 (d) for relief from the stay of any act against property of the estate under 11 U.S.C. §362(a), such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

DATED this 6th day of March, 2018.

        JONES ♦GLEDHILL ♦FUHRMAN ♦GOURLEY, P.A.

By   /s/ Kimbell D. Gourley
     Kimbell D. Gourley
     Attorneys for Idaho Central Credit Union

**MOTION TO TERMINATE STAY AND RULE 4001.2 NOTICE** - 4

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 6th day of March, 2018, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System which sent a Notice of Electronic Filing to the following persons:

| |
|---|
| Alexandra O. Caval – alex@cavallawoffice.com |
| Kathleen A. McCallister – kam@kam13trustee.com |
| U.S. Trustee – ustp.region18.bs.ecf@usdoj.gov |
| PRA Receivables Management, LLC – claims@recoverycorp.com |
| Benjamin J. Mann – brian@hwmlawfirm.com |
| Craig W. Simpson – csimpson905@westmark.org |

Additionally, I certify that the following listed non-registered CM/ECF participants were served a copy of the foregoing by first class mail, postage prepaid, addressed to:

| |
|---|
| Cody C. Kropp<br>1110 Kelly Ave.<br>Kimberly, ID 83341 |

                                                        /s/ Kimbell D. Gourley
                                                        Kimbell D. Gourley